IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| MARIO MANDOLFO, ) | |
| ) | CASE NO. BK04-84061 |
| Debtor(s).   ) | A06-8100 |
| JOSEPH MANDOLFO, ) | |
| ) | |
| Plaintiff, ) | CH. 7 |
| ) | |
| vs. ) | |
| ) | |
| RICHARD D. MYERS, Chapter 7 Trustee; ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

Hearing was held in Omaha, Nebraska, on November 27, 2006, on the motions to dismiss the case by the Chapter 7 trustee (Fil. #5) and by Full Spectrum Lending, Inc. (Fil. #8). Theodore Boecker, Jr., appeared for the plaintiff, Alan Pedersen appeared for the trustee, and Monica Kruger and Cassandra Richey appeared for Full Spectrum Lending, Inc.

The motions will be denied.

Joseph Mandolfo[1] filed this lawsuit asserting a superior right to certain of the debtor's assets and requesting imposition of a constructive trust on those assets or their proceeds. The debtor, Mario Mandolfo, worked for Joseph and appropriated to his own use funds belonging to Joseph or Joseph's companies. Joseph alleges that some of the funds were transferred to companies owned by Mario and his wife, Yvonne, while some was used to invest in real estate. Joseph further alleges that Yvonne and Mario fraudulently transferred real property from Mario to Yvonne to frustrate Joseph's attempt to collect on a state-court judgment against Mario, and that Yvonne & Mario, in contravention of a court order, mortgaged a previously unencumbered property to Full Spectrum Lending, Inc., in order to transfer the loan proceeds to Yvonne and one of their companies. Among other relief, Joseph seeks a declaratory judgment that the assets Mario acquired using funds belonging to Joseph are the rightful property of Joseph, are not property of the bankruptcy estate, and therefore are not subject to the claims of Mario's creditors, including Full Spectrum Lending.

The bankruptcy trustee has moved to dismiss on the grounds that the complaint fails to state

---

[1]Please pardon the informality, but because this lawsuit involves family members on both sides, the Mandolfo parties will be referred to in this order by their first names to avoid confusion.

a claim upon which relief can be granted. The trustee asserts that res judicata bars Joseph's claims here because summary judgment was entered by this court in the trustee's favor setting aside Joseph's state-court judgment liens as preferential transfers, see Order & Judgment filed June 20, 2006, in Richard Myers, Trustee v. Joseph Mandolfo, Adversary Case No. A05-8075 (Fil. #s 40 and 41), and Joseph makes no new allegations here. In response, Joseph argues that the issues in this lawsuit are broader than the issues in the trustee's lawsuit, raising matters such as the constructive trust which have not previously been addressed by this court, and it provides a forum for the court to determine exactly what property belongs to which party, as well as whether a party such as Full Spectrum Lending may assert a claim against the bankruptcy estate.

Full Spectrum Lending moves for dismissal because it was not properly served and because the complaint fails to state a claim. First, Full Spectrum argues that Joseph failed to properly serve the company with process because a copy of the summons and complaint was not mailed to the attention of a company officer, managing or general agent, or other agent authorized to receive service, pursuant to Federal Rule of Bankruptcy Procedure 7004(b)(3). Full Spectrum's counsel learned of the lawsuit as the answer deadline neared and filed the current motion to dismiss for insufficient service and failure to state a claim. Plaintiff's counsel suggests that Full Spectrum has waived its insufficient-service argument by combining it with a motion on the merits. However, Federal Rule of Civil Procedure 12(b), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), indicates that a defendant may assert certain defenses, including lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, and failure to state a claim, by motion. The rule specifically states, "No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." Therefore, Full Spectrum's service argument has not been waived.

The party on whose behalf service is made bears the burden of establishing its validity when challenged. Wilson v. Prudential Fin'l, 332 F. Supp. 2d 83, 87 (D.D.C. 2004). Here, the evidence indicates the complaint and summons were not served on Full Spectrum's registered agent. A plaintiff generally has 120 days after the filing of the complaint to effect proper service. Fed. R. Civ. P. 4(m). That time has not yet expired in this case, so the plaintiff may attempt to obtain proper service on Full Spectrum. See Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 681 (N.D. Iowa 1995) (General rule is that court should permit plaintiff to cure defective service).

Second, Full Spectrum argues that its claim is currently a contested matter as part of the claims allowance procedures in the bankruptcy case, and until the court rules on the validity of Joseph's lis pendens, Joseph does not have a claim against Full Spectrum. The court entered an order on November 8, 2006, deferring the motion to pay Full Spectrum's claim, and its lis pendens arguments, until this adversary proceeding has been resolved. See Fil. #336.

Because the scope of this adversary proceeding is broader than the previous motions and adversary proceedings involving some, but not all, of the same parties, it provides a single appropriate forum for determining the extent of the parties' rights to distribution from the assets of the bankruptcy estate. For that reason, the motions to dismiss are denied.

      IT IS ORDERED: The Chapter 7 Trustee's motion to dismiss (Fil. #5) is denied. Full Spectrum Lending, Inc.'s motion to dismiss (Fil. #8) is denied. The plaintiff shall obtain proper service of process upon Full Spectrum Lending, Inc., by January 3, 2007. Full Spectrum Lending, Inc., will then have the usual rule time to answer or otherwise respond.

      DATED:      December 7, 2006

                                          BY THE COURT:

                                          /s/ Timothy J. Mahoney
                                          Chief Judge

Notice given by the Court to:
    *Alan Pedersen
    Theodore Boecker, Jr.
    *Monica Kruger
    Cassandra Richey
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.