IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| MARIO MANDOLFO, ) | |
| ) | CASE NO. BK04-84061 |
| Debtor(s). ) | A06-8100-TJM |
| JOSEPH MANDOLFO, ) | |
| ) | |
| Plaintiff, ) | CH. 7 |
| ) | |
| vs. ) | |
| ) | |
| RICHARD MYERS, Chapter 7 Trustee; ) | |
| YVONNE MANDOLFO; HEARTLAND ) | |
| RED ROOFS, LLC; and M&Y REAL ) | |
| ESTATE INVESTMENTS, LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the court on the Chapter 7 trustee's motion for summary judgment (Fil. #52) and joinder by Full Spectrum Lending, Inc. (Fil. #58). No resistance was filed. Alan Pedersen represents the trustee; Monica Green Kruger represents Full Spectrum Lending, and Theodore Boecker, Jr., represents Joseph Mandolfo. The motion was taken under advisement as submitted without oral arguments.

In this lawsuit, Joseph Mandolfo seeks a declaratory judgment that as a judgment creditor, he holds a superior interest in certain assets of Mario Mandolfo because of Mario's embezzlement and misappropriation of funds belonging to Joseph, and Joseph requests that all assets acquired with the stolen money be held in constructive trust for him. The Chapter 7 trustee has moved for summary judgment, arguing that Joseph Mandolfo has not established the necessary elements of his cause of action.

The imposition of a constructive trust is an equitable remedy which the court has discretion to grant or deny, and may be appropriate if it would be sufficient under state law. Lange v. Schropp (In re Brook Valley IV), 347 B.R. 662, 676 (B.A.P. 8th Cir. 2006).

Under Nebraska law,

[a] constructive trust is a relationship, with respect to property, subjecting the person who holds title to the property to an equitable duty to convey it to another on the ground that his or her acquisition or retention of the property would constitute unjust

enrichment. Regardless of the nature of the property upon which the constructive trust is imposed, a party seeking to establish the trust must prove by clear and convincing evidence that the individual holding the property obtained title to it by fraud, misrepresentation, or an abuse of an influential or confidential relationship and that under the circumstances, such individual should not, according to the rules of equity and good conscience, hold and enjoy the property so obtained.

Trieweiler v. Sears, 689 N.W.2d 807, 834 (Neb. 2004) (citations omitted).

When money is the asset upon which the constructive trust is based, the funds must be traced and located before a constructive trust will be placed on a bank account or an item of real or personal property. Id. (citing Chalupa v. Chalupa, 574 N.W.2d 509, 512 (Neb. 1998)).

In the bankruptcy context, unlike the common-law context, the court must consider the equities of all the parties to the bankruptcy case. Imposition of a constructive trust favors one creditor at the expense of all others. See In re United Imports, Inc., 203 B.R. 162, 169-70 (Bankr. D. Neb. 1996), and cases cited therein.

In this case, the plaintiff has not supplied clear and convincing evidence that the funds were obtained by fraud, misrepresentation, or an abuse of the parties' relationship, nor has he provided evidence of having traced the funds into specific assets of the debtor, and it is unclear whether the plaintiff would be able to do so, as Mario testified at a hearing in his bankruptcy case that much of the money from Joseph went into Mario's now-defunct sports tour business. See Order of Jan. 17, 2007, at 3 (Fil. #353 in Case No. BK04-84061).

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Aviation Charter, Inc. v. Aviation Research Group/US, 416 F.3d 864, 868 (8th Cir. 2005); Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.), 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party must submit "sufficient evidence supporting a material factual dispute that would require resolution by a trier of fact." Austin v. Minnesota Mining & Mfg. Co., 193 F.3d 992, 994 (8th Cir. 1999) (quoting Hase v. Missouri Div. of Employment Sec., 972 F.2d 893, 895 (8th Cir. 1992), cert. denied, 508 U.S. 906 (1993)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Here, the plaintiff has not demonstrated the existence of any factual dispute, as he did not respond to the motion for summary judgment, and the trustee is entitled to judgment.

IT IS ORDERED the Chapter 7 trustee's motion for summary judgment (Fil. #52) is granted. Separate judgment will be entered.

DATED: August 2, 2007

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
\*Alan Pedersen
Theodore Boecker, Jr.
Monica Green Kruger
U.S. Trustee

Movant (\*) is responsible for giving notice to other parties if required by rule or statute.